**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHIKITA WASHINGTON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.: 4:19-cv-2096** |
| | § | |
| **ALIEF INDEPENDENT SCHOOL DISTRICT.** | § | |
| | § | |
| *Defendant*. | § | |
| | § | **JURY DEMANDED** |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Chikita Washington ("Plaintiff") in the above-styled cause complaining of and about Alief Independent School District. ("Defendant") and for cause of action files this, her Plaintiff's Original Complaint, showing to the Court the following:

### I.  PARTIES

1.  Plaintiff CHIKITA WASHINGTON is an individual residing in Houston, Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.  Defendant ALIEF INDEPENDENT SCHOOL DISTRICT is conducting business in Houston, Harris County, Texas. Defendant may be served with process via Certified Mail Return

Receipt Requested through its registered agent, HD Chambers, 4250 Cook Road, Houston, TX 77072.

## II. JURISDICTION AND VENUE

3. This suit arises under Section 1981 of the Civil Rights Act of 1866, as amended. Therefore, this Court has subject matter jurisdiction pursuant to Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 626, because this is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## III. NATURE OF THE ACTION

5. This is an action brought pursuant to Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 to correct and recover for Defendant Alief Independent School District's unlawful employment practices on the basis of Plaintiff's race (African American).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1983 (or 42 U.S.C. §1981).

## V. FACTS

7. Ms. Washington (African-America) began her employment at AISD on August 19, 2008. At the time of her termination Ms. Washington worked at Taylor High School as a Special Education Teacher and was in charge of Student Council.

8.      During Ms. Washington's employment at AISD, she was an exemplary employee with no documented disciplinary actions. However, Ms. Washington was unlawfully terminated on May 29, 2018 as a result of racial discrimination.

9.      On January 23, 2018, Ms. Washington was escorted by Ms. Destiny Lewis to the front office to meet with Ms. Stacie Gibson, AISD's HR Director. Ms. Gibson asked Ms. Washington, what could she tell her about one of her Student Council Officers, Evaline Nguyen. In response to Ms. Gibson's inquiry, Ms. Washington recounted to Ms. Gibson the following events:

10.     Ms. Nguyen had been absent from Student Council Officer's meetings held on January 10, 11 and 13, 2018. On January 13, 2018, another Student Council Office asked Ms. Washington if Ms. Nguyen was in the hospital. Ms. Washington responded that she didn't know. The student then showed Ms. Washington a picture of an Instagram post that showed Ms. Nguyen at a hospital bed. Ms. Washington and her students began to text Ms. Nguyen to see if she was okay but they didn't receive a response. Late that evening Ms. Washington received a text from Ms. Nguyen's phone number. It was from Ms. Nguyen's mother and it stated that Ms. Nguyen was in the hospital. Ms. Washington asked Ms. Nguyen's mother if she could come visit her, the mother responded in the affirmative and informed her in which hospital Ms. Nguyen being treated.

11.     Ms. Washington visited Ms. Nguyen the next morning, January 14, 2018. Outside Ms. Nguyen's hospital room, Ms. Washington encounter three other Student Council Officer and Ms. Nguyen's mother.  The students were crying and very upset.  Ms. Washington asked what's going on and that's when Ms. Nguyen's mother told one of the girls to tell Ms. Washington.  Ms. Nguyen's mother spoke very little English and one of the girls translated from Vietnamese.  Ms.

Nguyen's mother told Ms. Washington that her daughter had received a text from her boy. Ms. Nguyen then went on either Instagram or Twitter and posted: "today is the day I'm going to end it all". She then drank some Drano and it burned her esophagus and stomach, which led to her hospitalization.

12. Ms. Washington then entered the hospital room to see Ms. Nguyen who immediately tried to get up. Ms. Washington walked to her bedside and told her to be still. She pointed to a dry erase board and Ms. Washington handed it to her. Ms. Nguyen wrote on the board that she loved Ms. Washington and that she was sorry. Ms. Washington responded, "I love you too sweetie. No apologies necessary, I just need you to concentrate on getting better." Ms. Washington stayed until Ms. Nguyen drifted off to sleep which was about an hour later. Ms. Washington went back to the lobby and talked with the fellow students and Ms. Nguyen's mother. Ms. Washington also met Ms. Nguyen's grandmother, father, brother and cousin. Ms. Washington later had lunch with the other students at the hospital cafeteria and told them "when you return to school on Monday, do not discuss this with anyone. Please allow Evaline's parents to contact the school and the administrative/counselor team will disclose what the teachers need to know." The girls all agreed to not discuss it with anyone. They then returned to the waiting room for a short time. Ms. Nguyen asked Ms. Washington to tell the student counselor what had happened. Ms. Washington immediately contacted Ms. Moore, Ms. Nguyen's counselor, as well as Ms. Lewis, one of the school's Associate Principals to inform them of what happened. When Ms. Washington returned to work on January 17, 2018, two of Ms. Nguyen's teachers approached her at two different class periods to inquire about the student's situation. One of the girls shared 3rd period class with Ms. Nguyen and the teacher (Ms. Stephanie Johnson) went to her because she was

friends with her to ask whether she knew why Ms. Nguyen was absent and the student told her she is in the hospital and I can't talk about it ask Mrs. Washington. Ms. Johnson came to Ms. Washington classroom to inquire about Ms. Nguyen and she said, "I can't discuss it with you". She then asked if she could visit her at the hospital and Ms. Washington said you have to speak with her parents.  On that evening Ms. Johnson and fellow teachers Ms. Arielle Brooks and Ms. Deransburg went to visit Ms. Nguyen at the hospital.

13. The next day Ms. Brooks told Ms. Washington that Ms. Nguyen's mom shared that she was having some problems with Mr. Nguyen and she could not believe her child would do what she did.  Ms. Brooks further stated that "she tried to assist Ms. Nguyen with the language barrier by using Google translator so they could converse". Mrs. Brooks also stated that ''she discussed this with her husband and her father who was a retired police officer and they believed that Evaline's father had done something to her.''  Ms. Brooks wanted to to know Ms. Washington's thoughts on the alleged child abuse.  Ms. Washington told Ms. Brooks that she had known the Nguyen's for three years and although the parents were separated they both supported their daughter and her efforts at the Student Council. That was the scope of their conversation.

14. On January 23, 2018, Ms. Washington was placed on paid administrative leave until April 3, 2018, for alleged failure to report child abuse perpetrated by Mr. Nguyen. On January 26, 2018, Ms. Washington met with Dr. Elizabeth Veloz-Powell, AISD's HR Superintendent, and Mr. Darrell Alexander, AISD's HR Executive Director.  During this meeting Dr. Veloz-Powell told Ms. Washington that she would remain on administrative leave as the investigation continued. She issued Ms. Washington a letter stating that based on "their findings" they believed she failed to report the alleged child abuse to State Child Protective Services "CPS" and it would be reported

to State Board for Educator Certification "SBEC". The rationale for this recommendation included the following:

- Alleged failure to fulfill responsibilities of an educator by not notifying CPS;
- Alleged failure to comply with AISD's Board policies and administrative regulations.

15. On February 8, 2018, Ms. Washington was summoned once again to Dr. Veloz-Powell's Office and asked her to resign. Ms. Washington refused to resign and informed Dr. Veloz-Powell that the Teacher's Union would appeal the District's decision to terminate her contract. On August 15, 2018, Ms. Washington exhausted administrative remedies and was removed from AISD's payroll.

16. Ms. Washington has knowledge that her position is currently held by a Caucasian teacher. Moreover, Ms. Washington has knowledge that Non-African American similarly situated employees have been treated more favorably by AISD and not disciplined as Ms. Washington was for the same alleged charges. Lastly, Ms. Washington has knowledge that Ms. Brooks, who accused her of not reporting alleged child abuse, tried to recant her statement, which would have exonerated Ms. Washington of any wrong-doing, and was not allow by AISD's HR Officials.

## VI.　CAUSES OF ACTION

### A. RACIAL DISCRIMINATION UNDER SECTION 1981

17. The Civil Rights Act of 1866 prohibits discrimination against any individual because of that individual's race. *See* 42 U.S.C. §1981.

18. Pursuant to 42 U.S.C. §1981 Plaintiff pleads a cause of action against the Defendant for racial discrimination.

19. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

20. Defendant engaged in discrimination against the Plaintiff, an African American female, by terminating her employment based upon her race.

21. As an African-American woman, Plaintiff is a member of a protected class. She was certainly qualified for her position. Plaintiff was treated differently, and less favorably than other similarly situated employees that are not of African-American descent and was replaced by a Caucasian teacher. Thus, Plaintiff can easily establish her prima facie case of race discrimination.

22. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

23. Plaintiff alleges that the Defendant discriminated against her by terminating her employment based on her race in violation of Section 1981 of the Civil Rights Act of 1866.

24. Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of Plaintiff.

25. As a result of all of Defendant's violations under Section 1981, Plaintiff has suffered and will continue to suffer severe mental anguish and emotional distress. Thus, Plaintiff is entitled to reimbursement of wages, compensatory damages, reasonable attorneys' fees, costs, and disbursements incurred in this action.

## VII.   JURY DEMAND

26. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## VIII. PRAYER

27. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

   b. Past, present, and future physical pain and mental suffering;

   c. Compensatory damages, including, but not limited to, emotional distress;

   d. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

   e. Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Costs of Court; and

   i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No. 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**